# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1705V

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * * | |
| JUSTIN FISHER, on behalf of A.F., | |
| Petitioner, | **UNPUBLISHED** |
| v. | Special Master Katherine E. Oler |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Filed: April 26, 2022 |
| Respondent. | Interim Attorneys' Fees and Costs |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * | |

*Mark Sadaka*, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner.
*Voris Johnson*, U.S. Department of Justice, Washington, D.C., for Respondent.

## DECISION ON MOTION FOR INTERIM ATTORNEYS' FEES AND COSTS[1]

On November 2, 2018, Justin Fisher ("Petitioner"), filed for compensation in the National Vaccine Injury Compensation Program ("the Vaccine Program"),[2] on behalf of his daughter, A.F., alleging that she developed acute disseminated encephalomyelitis (ADEM) as a result of the Diphtheria, Tetanus and acellular Pertussis (DTaP), Hepatitis B (Hep B), Polio (IPV), Haemophilus Influenzae Type B (Hib PRP-OMP), Pneumococcal Conjugate (Prevnar 13) and Rotavirus Monovalent vaccinations she received on November 3, 2015. Pet. at 1.

---

[1] This Decision will be posted on the Court of Federal Claims' website. **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). If, upon review, I agree that the identified materials fit within this definition, I will redact such material from public access. Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

1

Petitioner filed a Motion for Interim Attorneys' Fees and Costs on October 12, 2021 requesting $40,496.35. Fees App., ECF No. 48. On October 27, 2021, Respondent filed a response deferring to me as to whether Petitioner has met the legal standard for interim fees and costs. Fees Response at 2, ECF No. 49. On October 28, 2021, Petitioner filed a reply. Fees Reply, ECF No. 50.

For the reasons discussed below, I hereby **GRANT IN PART** Petitioner's application and award a total of **$35,229.52** in interim attorneys' fees and costs.

## I.     Legal Standard

### A.  Interim Attorneys' Fees and Costs

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act. *Shaw v. Sec'y of Health & Hum. Servs.,* 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343 (Fed. Cir. 2008). In *Cloer*, the Federal Circuit noted that "Congress [has] made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Hum. Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. *Avera* did not, however, define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Avera*, 515 F.3d; *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Hum. Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Even though it has been argued that a petitioner must meet the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- special masters have instead treated these criteria as possible factors in a flexible balancing test. *Avera*, 515 F.3d at 1352; *see Al-Uffi v. Sec'y of Health & Hum. Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the special master finds that a petitioner has brought her petition in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Hum. Servs*, 105 Fed. Cl. 148 (2012), at 154; *Friedman v. Sec'y of Health & Hum. Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Hum. Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Hum. Servs.*, No. 97-588V, 2012 WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by a petitioner's counsel. *Kirk*, 2009 WL 775396, at *2. Referring to *Avera*, former Chief Special Master Golkiewicz in *Kirk* found that "the general principle underlying an award of interim fees [is] clear: avoid working a substantial financial hardship on petitioners and their counsel." *Id*.

### B. Good Faith

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Such a requirement is a "subjective standard that focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that her claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Hum. Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

### C. Reasonable Basis

Unlike the good-faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in his claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must at least be supported by objective evidence -- medical records or medical opinion. *Sharp-Roundtree v. Sec'y of Health & Hum. Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015).

While the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id.* at 286. The Court in *Chuisano* found that a petition which relies on temporal proximity and a petitioner's affidavit is not sufficient to establish reasonable basis. *Id.* at 290; *see also Turpin v. Sec'y Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney). The Federal Circuit has affirmed that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Hum. Servs.*, No. 2019-1596, 971 F.3d 1337, 1346 (Fed. Cir. Aug. 19, 2020) (finding Petitioner submitted objective evidence supporting causation when she submitted medical records and a vaccine package insert); *see also James-Cornelius v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1380 (Fed. Cir. 2021) (finding that "the lack of an express medical opinion on causation did not by itself negate the claim's reasonable basis.").

Temporal proximity between vaccination and onset of symptoms is a necessary component in establishing causation in non-Table cases, but without more, temporal proximity alone "fails to establish a reasonable basis for a vaccine claim." *Chuisano*, 116 Fed. Cl. at 291.

3

The Federal Circuit has stated that reasonable basis "is an objective inquiry" and concluded that "counsel may not use [an] impending statute of limitations deadline to establish a reasonable basis for [appellant's] claim." *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017). Further, an impending statute of limitations should not even be one of several factors the special master considers in her reasonable basis analysis. "[T]he Federal Circuit forbade, altogether, the consideration of statutory limitations deadlines—and all conduct of counsel—in determining whether there was a reasonable basis for a claim." *Amankwaa v. Sec'y of Health & Hum. Servs.*, 138 Fed. Cl. 282, 289 (2018).

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018). Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). Special masters and judges of the Court of Federal Claims have interpreted this provision to mean that petitioners must submit medical records or expert medical opinion in support of causation-in-fact claims. *See Waterman v. Sec'y of Health & Hum. Servs.,* 123 Fed. Cl. 564, 574 (2015) (citing *Dickerson v. Sec'y of Health & Hum. Servs.*, 35 Fed. Cl. 593, 599 (1996) (stating that medical opinion evidence is required to support an on-Table theory where medical records fail to establish a Table injury).

When determining if a reasonable basis exists, many special masters and judges consider a myriad of factors. The factors to be considered may include "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa*, 138 Fed. Cl. at 289. This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

## II. Discussion

### A. Undue Financial Hardship

This case has been in litigation for over three years. Mr. Sadaka, Petitioner's counsel has expended numerous hours on this case and has filed expert reports from Drs. David Younger and Alberto Martinez-Arizala. Exs. 13, 22. Respondent has not filed any specific opposition to this fees application, thus I find it reasonable to award interim fees and costs at this juncture to avoid undue financial hardship.

### B. Good Faith and Reasonable Basis

Respondent has not raised any specific objection to the good faith or reasonable basis for this claim and leaves such a determination to my discretion. *See* Fees Resp. I find that the petition was filed in good faith.

As discussed above, the threshold for reasonable basis is a much lower standard than the burden to prove entitlement to compensation by preponderant evidence. In making a reasonable basis determination, I must look at a totality of circumstances, taking into account the factual basis for the claim, and the medical and scientific support offered. Dr. David Younger is board certified in internal medicine, clinical neurophysiology, electrodiagnostic medicine, and neurology. Ex. 14 at 1. Dr. Younger opined that A.F.'s ADEM was more likely than not caused by her Hepatitis B vaccination, which triggered activation of B-cells in the innate and adaptive immune system. Ex. 13 at 4. Dr. Martinez-Arizala also filed an expert report in which he opined that that the Hepatitis B vaccine was the likely cause of A.F.'s ADEM. Ex. 22 at 1, 8. Dr. Martinez-Arizala is a Professor of Clinical Neurology, Neurosurgery, and Physical Medicine and Rehabilitation at the University of Miami School of Medicine. *Id.* He is also board certified in neurology and spinal cord medicine. *Id.* Dr. Martinez-Arizala postulated molecular mimicry as his theory of causation regarding how the Hepatitis B vaccine caused A.F.'s ADEM. *See id.* at 7. This constitutes sufficient evidence to establish a reasonable basis for the claim.

As there is no other reason to deny an award of interim attorneys' fees and costs, I will award Petitioner's reasonable fees and costs in this instance.

**C. Attorneys' Fees**

Petitioner requests $29,139.36 in attorneys' fees. Fees App., Ex. A at 19.

1. <u>Reasonable Hourly Rate</u>

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

---

[3] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.
The 2017 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.
The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.
The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.

5

Petitioner's counsel, Mr. Mark Sadaka requests to be compensated at an hourly rate of $376.38 for 2017; $396.00 for 2018; $405.00 for 2019; $422.00 for 2020; and $444.00 for 2021. Fees App., Ex. A at 19-20. Petitioner also requests an hourly rate of $145.17 for 2017; $150.55 for 2018; $156.00 for 2019; $163.00 for 2020; and $172.00 for 2021 for paralegal work performed by Michele Curry. Fees App., Ex. A at 19-20. This request is consistent with what I and other special masters have previously awarded Mr. Sadaka and his paralegals in the Program. *See, e.g., Brown on behalf of B.F. v. Sec'y of Health & Hum. Servs.*, No. 20-375V, 2021 WL 5070155 (Fed. Cl. Spec. Mstr. Sept. 21, 2021); *Rose v. Sec'y of Health & Hum. Servs.*, No. 17-1770V, 2021 WL 3053035 (Fed. Cl. Spec. Mstr. Jun. 28, 2021); *Vance v. Sec'y of Health & Hum. Servs.*, No. 15-675V, 2021 WL 3011903 (Fed. Cl. Spec. Mstr. Jun. 9, 2021).

Accordingly, I find the requested rates to be reasonable and that no adjustment is warranted.

2. <u>Hours Reasonably Expended</u>

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours). Petitioner bears the burden of establishing that the rates charged, hours expended, and costs incurred are reasonable. *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1993). However, special masters may reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 318 (Fed. Cl. 2008), *aff'd* No. 99-573V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Special masters may look to their experience and judgment to reduce an award of fees and costs to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cl. 1993). It is within a special master's discretion to instead make a global reduction to the total amount of fees requested. See *Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("special masters have wide latitude in determining the

---

The 2020 Fee Schedule can be accessed at:
http://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202020.PPI_OL.pdf
The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

reasonableness of both attorneys' fees and costs"); *Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153 (Fed. Cl. Spec. Mstr. July 25, 2011), mot. for rev. denied, 2011 WL 6292218, at *13 (Fed. Cl. 2011) (denying review of the special master's decision and endorsing "a global – rather than line-by-line – approach to determine the reasonable number of hours expended in this case").

While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Mr. Sadaka has provided a breakdown of hours billed. Fees App., Ex. A. I find these hours to be largely reasonable, but a small reduction is necessary due to billing for administrative tasks, including (but not limited to) time spent requesting medical records, drafting notes to file, drafting notice of filings, and others. I, and other Special Masters have warned Mr. Sadaka of these practices before. *See, e.g., Nemmer v. Sec'y of Health & Hum. Servs.*, No. 17-1464V, 2020 WL 1910695 (Fed. Cl. Spec. Mstr. Feb. 20, 2020)*; Nifakos v. Sec'y of Health & Hum. Servs.*, No. 14-236V, 2018 WL 7286553 (Fed. Cl. Spec. Mstr. Dec. 12, 2018); *Brown v. Sec'y of Health & Hum. Servs.*, No. 14-235V, 2018 WL 818231 (Fed. Cl. Spec. Mstr. Jan. 18, 2018); *Tarsell v. Sec'y of Health & Hum. Servs.*, No. 10-251V, 2018 WL 3989452 (Fed Cl. Spec. Mstr. Jul. 31, 2018). These entries were made by Ms. Michele Curry for a total of 2.9 hours in 2017, 4.8 hours in 2018, and 7.2 hours[4] in 2019.[5] This is a reduction of $2,266.83.

Total fees to be awarded: **$26,872.53**

**D. Reasonable Costs**

Petitioner requests a total of $11,356.99 in costs, which includes obtaining medical records, expert fees of Drs. David Younger and Alberto Martinez-Arizala, mailing expenses, and the Court's filing fee. Fees App., Ex. A at 20.

   1. Dr. David Younger's Fees

Petitioner requests $7,050.00 for 14 hours of work performed by Dr. David Younger, as well as $50.00 for 2 wire transfer fees. Fees App., Ex. B at 16. Dr. Younger has previously been

---

[4] *See* entries (including but not limited to) on 8/18/2017, 8/28/2017, 9/1/2017, 9/5/2017, 9/11/2017, 7/9/2018, 7/19/2018, 7/20/2018, 7/23/2018, 8/6/2018, 8/9/2018, 8/20/2018, 8/21/2018, 8/23/2018, 9/6/2018, 9/20/2018, 10/10/2018. 11/13/2018, 11/15/2018, 11/16/2018, 11/27/2018, 12/11/2018, 12/12/2018, 1/3/2019, 2/19/2019, 2/21/2019, 5/31/2019, 6/7/2019, 7/8/2019, 7/9/2019, 7/23/2019, 7/24/2019, 8/5/2019, 8/13/2019, 8/15/2019, 8/16/2019, 9/10/2019, 10/1/2019, 10/10/2019, 10/23/2019, 11/4/2019, 11/6/2019, 11/20/2019, 12/5/2019, 12/16/2019. Fees App., Ex. A at 1-13.

[5] I note that this is not a reduction of time spent receiving and reviewing medical records. Entries noted as "receive/review medical records" or "Analyze medical records", "Update medical chronology" were granted in full.

awarded his requested hourly rate of $500.00 and I see no reason to disturb such a request. *See generally Shaver v. Sec'y of Health & Hum. Servs.,* No. 10-515V, 2019 WL 1150526 (Fed. Cl. Spec. Mast. Feb. 22, 2019) (granting Dr. Younger's expert fees in full). The amount of time Dr. Younger spent was also reasonable, thus his requested fees are granted in full.

### 2. Dr. Alberto Martinez-Arizala's Fees

Petitioner requests $3,000.00 for what appears to be Dr. Martinez-Arizala's retainer. Fees App., Ex. B at 16. This amount was paid to Dr. Martinez-Arizala on September 13, 2021, prior to the filing of his expert report (Ex. 22) on November 23, 2021. *See id.* There was no invoice detailing the hours billed by Dr. Martinez-Arizala for this case. There is also no mention of Dr. Martinez-Arizala's hourly rate. Therefore, I defer this expenditure to a future fees application, when Petitioner can provide a full accounting of the work performed by Dr. Martinez-Arizala.

### 3. Other Miscellaneous Costs

I have reviewed Petitioner's remaining costs totaling $1,306.99, for medical record requests, mailing expenses, and the Court's filing fee. *See* Fees App., Ex. A at 20. These costs are reasonable, thus I award them in full.

Total costs to be awarded: **$8,356.99**.

## II. Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fee and cost awards, and based on the foregoing, I **GRANT IN PART** Petitioner's application, as follows:

A lump sum in the amount of **$35,229.52** representing reimbursement of Petitioner's interim attorneys' fees and costs in the form of a check jointly payable to Petitioner and his counsel Mr. Mark Sadaka.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[6]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.