# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1705V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| JUSTIN FISHER, | * | |
| *on behalf of A.F.* | * | |
| | * | |
| Petitioner, | * | Special Master Shah |
| | * | |
| v. | * | Filed: March 11, 2025 |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUM. SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | * | |

*Mark Theodore Sadaka,* Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner.
*Voris Edward Johnson,* United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 2, 2018, Justin Fisher ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program") on behalf of his minor daughter, A.F.[2] Pet. (ECF No. 1). Petitioner alleged that A.F. developed acute disseminated encephalomyelitis ("ADEM") that was either caused-in-fact or significantly aggravated by one or more of the vaccines she received on November 3, 2015. *See id*. On May 30, 2024, following the submission of written briefs, former Special Master Katherine E. Oler issued a decision dismissing the petition. ECF No. 78.

On October 20, 2021, Petitioner filed a motion for interim attorneys' fees and costs

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

requesting $40,496.35 for such fees and costs. ECF No. 48. On April 20, 2022, Petitioner's motion for interim fees was granted in part and he was awarded $35,229.52. ECF No. 56.

On August 28, 2024, Petitioner filed an application ("Fees App.") for final attorneys' fees and costs. ECF No. 84. Petitioner requests attorneys' fees and costs in the amount of $43,413.70, representing $40,413.70 in attorneys' fees and $3,000.00 in attorneys' costs. Fees App. Ex. A at 1, 13. Respondent responded to the motion ("Fees Resp.") on June 27, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Fees Resp. at 2-3 (ECF No. 73). Petitioner filed a reply ("Fees Reply") on September 3, 2024. ECF No. 86.

This matter is now ripe for consideration.

**I.    Attorneys' Fees and Costs**

Section 15(e)(1) of the Vaccine Act allows the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, although the petition was eventually dismissed, I find that the claim was brought in good faith and maintained a reasonable basis while it was pending. I note that Respondent's response did not argue that this claim lacked good faith or a reasonable basis. Accordingly, I conclude that Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that describe the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

**A. Reasonable Hourly Rates**

Petitioner requests the following rates of compensation for his attorney, Mr. Mark Sadaka: $444.00 per hour for work performed in 2021; $458.00 per hour for work performed in 2022;

2

$482.00 per hour for work performed in 2023; and $563.00 per hour for work performed in 2024. Fees App. at 4.

The rates requested from 2021-2023 are consistent with rates Mr. Sadaka has previously been awarded. *See, e.g., Richardson v. Sec'y of Health & Hum. Servs.*, No. 21-1781V, 2024 WL 4814753, at *2 (Fed. Cl. Spec. Mstr. Oct. 10, 2024); *Farag v. Sec'y of Health & Hum. Servs.*, No. 17-714V, 2024 WL 5378009, at *2 (Fed. Cl. Spec. Mstr. Dec. 6, 2024). However, Mr. Sadaka's 2024 hourly rate has been set and awarded at $532.00, not the requested $563.00. *See, e.g., id*. I will therefore apply the previously determined rate for 2024 here, resulting in a reduction of **$151.90**.[3]

Petitioner also requests the following rates for work performed by Mr. Sadaka's paralegal, Ms. Michele Curry: $172.00 per hour for work performed in 2021; $177.00 per hour for work performed in 2022; $186.00 per hour for work performed in 2023; and $197.00 per hour for work performed in 2024. The paralegal rates requested through 2024 are reasonable and consistent with prior determinations and will also be adopted.

### B. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *See*, *e.g.*, *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be reasonable. I have reviewed the billing entries and find that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has Respondent identified any entries as objectionable.

Accordingly, Petitioner is awarded final attorneys' fees in the amount of $40,261.80.

### C. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

The only cost for which Petitioner seeks reimbursement is for expert services provided by Dr. Alberto Martinez-Arizala at an hourly rate of $300.00 for 10 hours, totaling $3,000.00. Fees App. Ex. B at 1. This claim was previously deferred by former Special Master Oler because Petitioner did not provide an invoice detailing the hours billed by Dr. Martinez-Arizala. *Fisher on behalf of A.F. v. Sec'y of Health & Hum. Servs.*, No. 18-1705V, 2022 WL 2299985, at *6. (Fed. Cl. Spec. Mstr. Apr. 26, 2022). Dr. Martinez-Arizala's hourly rate has previously been granted.

---

[3] This amount is calculated as $563 - $532 = $31 x 4.9 hrs. = $151.90.

*See Jeter as Est. of Jeter v. Sec'y of Health & Hum. Servs.*, No. 18-1649V, 2023 WL 2751603, at *5 (Fed. Cl. Spec. Mstr. Apr. 3, 2023). Having reviewed the newly submitted invoice, I find it reasonable to compensate Petitioner for 10 hours of Dr. Martinez-Arizala's work in this case, so I will award this claim in full.[4]

**II.    Conclusion**

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable. I find that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $40,413.70 |
| (Reduction to Fees) | ($151.90) |
| **Total Attorneys' Fees Awarded** | **$40,261.80** |
| | |
| Attorneys' Costs Requested | **$3,000.00** |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$3,000.00** |
| | |
| **Total Amount Awarded** | **$43,261.80** |

**Accordingly, I award a lump sum in the amount of $43,261.80, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>s/ Jennifer A. Shah</u><br>
Jennifer A. Shah<br>
Special Master

---

[4] Regarding appropriate hourly rates for an attorney or expert, Respondent "urges the Court to consider the practitioner's experience in the Vaccine Program, overall legal or medical experience, the quality of the work performed and whether that work was necessary (including the length of any filing), and the practitioner's reputation in the legal or expert community and community at large." Fees Resp. at 3. Respondent did not raise any specific objections to Dr. Martinez-Arizala's time spent on this case or his hourly rate.

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).